## BOWER v TRAVELERS INSURANCE CO

Ohio Appeals, 2nd Dist, Darke Co

No 492.   Decided Jan 22, 1936

Murphy & Staley, Greenville, for plaintiff in error.

John F. Maher, Greenville, for defendant in error.

## OPINION

By BARNES, PJ.

The original petition was attacked by motion on the part of the defendant, requesting that said petition be made more definite and certain by setting out a full and complete copy of the contract of insurance. This motion affirmatively set out the claim that the assertion in the petition that it was setting out a copy of the contract of insurance was not true, but, on the contrary, that standard provisions of said contract had been omitted and were not embodied in the petition. This affirmative matter in the motion was supported by affidavit on behalf of the defendant. The court, after hearing, sustained the motion in toto.

This action of the trial court is now complained of as being erroneous.

We are inclined to think that this motion should have been overruled, but, in view of the fact that plaintiff filed amended petition thereafter, the error would not be prejudicial.

Secs 11333 and 11334 GC prescribe the conditions under which copies of instruments may or must be attached to or made a part of a pleading. Under the basis of action, we do not think that the insurance policy is a written instrument for the unconditional payment of money within the meaning of the Code. In our judgment it stands in the same class as any other written contract. In actions on contract the general rule is that so much of the contract, or substance thereof, must be set forth as would constitute a right of recovery on the part of the pleader. Subsequent pleadings by way of answer or reply may include other and further provisions of the contract, if pertinent to the right of recovery.

Had plaintiff declined to plead further and by reason thereof the court had then

entered final judgment, the ruling of the trial court on the motion, if erroneous, would have been prejudicial.

It is rather rare that the courts' rulings on motions directed to pleadings are prejudicial. In the instant case when the plaintiff, following the ruling on defendant's motion, filed an amended petition wherein was set forth other and further provisions of the insurance contract, it is manifest that no prejudicial error can arise by reason thereof.

Defendant filed a general demurrer to the amended petition, which, in the first instance, was overruled, but, on rehearing, was sustained. This ruling of the court was founded upon the claimed fact that it was manifest from the insurance contract and other factual allegations that the action was not commenced within the time prescribed in the insurance policy. This action of the court is also claimed by the plaintiff to be erroneous and is set out in the petition in error as a ground of error. Following this ruling of the court, the plaintiff filed a second amended petition wherein is set forth all the allegations of the first amended petition and, in addition thereto, additional facts whereby it is claimed that the defendant is estopped from raising the question of time within which action could be brought. By reason of this second amended petition and the nature thereof, there is no prejudicial error because of the court's sustaining the demurrer to the first amended petition.

Counsel for defendant filed a demurrer to the second amended petition, which was sustained, and the plaintiff not desiring to plead further, final judgment was entered against the plaintiff dismissing her petition.

This is the final order from which error is prosecuted in this court.

The following brief summary of facts will disclose the nature of the controversy and the manner in which the controverted questions arise:

On and prior to the 29th day of December, 1923, the plaintiff Osa Schmidt Bower, was the wife of Peter G. Schmidt and their residence was located in Deertrail, Colorado. Peter G. Schmidt at that time was in the employ of the Union Pacific Railroad Company in the capacity of a "coal chute man and pumper." On this date, to-wit, December 29, 1923, The Travelers Insurance Company, of Hartford, Connecticut, issued to him a policy of insurance which is termed "accident and sickness policy." This policy is set out in full in the amended petition and also in the second amended petition. By the terms of the policy the plaintiff, who was then the wife of Peter G. Schmidt, was made the beneficiary. The policy provided that in the event of death from accidental injury the beneficiary would be paid the principal sum of Two Thousand Dollars ($2000.00) with the further provision that commencing with the second year of insurance 5% would be added annually to the principal sum. The total premium for the year was forty-five dollars ($45.00) and by reason of a paymaster's order, signed by the insured and accepted by the company, this first year's premium was payable as follows:

$11.25 from the last half wages earned during the month of January, 1924;

$11.25 from the last half wages earned during the month of February, 1924;

$11.25 from the last half wages earned during the month of March, 1924;

$11.25 from the last half wages earned during the month of April, 1924.

These installment premiums, totaling $45.00, as per the paymaster's order, were paid as per agreement. The insured, Peter G. Schmidt, suffered his fatal accident on January 25, 1925, and died immediately.

Immediately following the death of her husband, the plaintiff, in accordance with the provisions of the policy, notified the company of the death of her husband and at the same time made a tender of the entire premium for the year 1925. The Insurance Company immediately returned the premium and advised the beneficiary that the policy was not in force for non-payment of premium, representing that the said lapse occurred on the 29th day of December, 1924.

It is the claim of counsel for the plaintiff, and this is adequately presented in the pleadings, that since the decedent had not completed his work for January, 1925, at the time of his death the first installment under the plan of the previous year would not be due and payable until the last half of the month's wages was available for payment under the paymaster's order.

It is the claim of the defendant that under the terms of the policy, a renewal must be applied for and consented to by the company. The renewal would be at such premium rates as the company had in force at the time of renewal, and if premium not paid in cash, new notes or order were to be given, as per the provisions of Paragraph d.

This pertinent part of the policy is set out in full and is found under the heading "Additional Provisions," subdivision f:

"(f) At the expiration of each twelve months, during which this policy shall have been maintained in force by payment of premiums, as herein specified, the insurance hereunder may be renewed with the consent of the Company and subject to all of the provisions and conditions of the policy, at the Company's premium rates in force at the time of renewals, by giving a new note or order in accordance with additional provision (d)."

Subdivision d reads as follows:

"(d) The payments directed in a note or order (copy of which is attached hereto) given with the application for this policy are premiums for separate and consecutive periods and each applies only to its corresponding insurance period, as specified in the note or order. Injuries, fatal or non-fatal, or disability or sickness sustained during any period for which the respective premium shall not have been actually paid shall not be covered by this insurance, except in case of a just claim for injury or disability sustained before the pay day of the month in which first or second premium shall be payable according to the note or order; but this insurance shall not cover injury or disability in any such case if the Insured shall not have earned in the month designated in the note or order sufficient wages to pay said first or second premium, as the case may be, nor if he shall have collected or disposed of the wages earned in the month so that there shall not remain sufficient for the payment of said premium. Strict compliance on the part of the Insured and Beneficiary with all of the provisions of this Policy is a condition precedent to recovery hereunder."

The petition of plaintiff makes no allegation of any independent action of the parties for renewal or payment of premiums either in cash, notes or paymaster's order. The determination of the question as to whether or not the policy was still in force must be made from the terms of the policy coupled with the date of accident and death.

It was the view of the trial court that the policy had not lapsed. If we understand the opinion of the court correctly, this is based upon the fact that the contractual provision for payment of premiums by what are termed "paymaster's orders" would carry over and be applicable to the subsequent year.

If essential to our affirming the judgment of the trial court, we would have some difficulty in agreeing with this conclusion.

In the court below the demurrer was sustained upon the theory that the action was not brought within the time prescribed and that the pleaded facts under which estoppel was claimed were not sufficient. §14 under "Standard Provisions" as shown by copy of policy set out in the second amended petition, reads as follows:

"14. No action at law or in equity shall be brought to recover on this Policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this Policy, nor shall such action be brought at all unless brought within two years from the expiration of the time within which proof of loss is required by the Policy."

In the instant case action was not brought until more than six years and a half after the expiration of the time at which it could have been brought according to the terms of the policy. That §14, above quoted, is authorized and a proper subject of contract is very clearly announced in the case of **Bartley v The National Business Men's Association, 109 Oh St, 585.**

This cited case is determinative in the instant case, unless, perchance, proper facts are alleged estopping the Insurance Company from raising the contractual period of limitation.

The following, quoted from the second amended petition, are the sole pertinent facts on the question of estoppel:

"Plaintiff further avers that at the time the said defendant issued said policy to the said Peter G. Schmidt, it entered into a written provision with him that in case of accidental death, it was not necessary to employ any person to collect the benefit provided in said policy, said agreement being as follows, to-wit:

"In the event of accidental death or disability of Insured, full particulars how, when and where the accident happened or sickness commenced, and its result must be given as required by the Policy. It is not necessary to employ any person to collect any benefit provided in this policy. Time and expense will be saved by writing direct to the Company.

S. J. Henderson
Agent."

"Plaintiff further avers that relying upon the terms of said contract, she did not employ any person to collect the benefit

provided in said policy, but did, within the time limited by said contract of insurance, cause to be given to the defendant notice of the accidental injuries to and the death of her said husband, and demanded payment of said defendant on account thereof, in the sum of two thousand one hundred ($2,100.00) dollars, the amount due her as such beneficiary, in accordance with the terms and conditions of said policy.

Plaintiff further avers that said demand was wholly refused by said defendant, said defendant representing to her that said policy of insurance was not in force at the time of the injury of her said husband, Peter G. Schmidt.

Plaintiff further avers that immediately after the death of her said husband, Peter G. Schmidt, she sent to the Company the sum of Forty-five ($45.00) dollars, being the amount of the annual premium upon said policy, but said defendant returned said sum of money and represented to her at said time that said policy of insurance was not in force."

"Plaintiff further avers that she relied wholly upon said agreement and representations of said defendant, that it would not be necessary for her to employ any person to collect the benefits provided in said policy, and that she relied wholly upon the representations of said defendant that said policy of insurance was not in force at the time of the injury and death of her said husband, Peter C. Schmidt.

Plaintiff further avers that from the date of the death of her husband, Peter G. Schmidt, up until approximately sixty (60) days prior to the commencement of this action, she relied entirely upon the representation of the defendant, that it would not be necessary for her to employ any person to collect the benefit provided for her in said policy, and upon the further representation of the Company in pursuance to said contract that said policy was not in force at the time of the death of her said husband, Peter G. Schmidt.

Plaintiff further avers that she did not learn that said policy was in force at the time of the injury and death of her said husband, until approximately sixty (60) days before the commencement of this action."

The quoted agreement, as contained in the above quotation from the second amended petition, is not contained in the policy of insurance. It purports to be a separate agreement signed by S. J. Henderson, Agent. In view of the allegation that the company entered into the agreement, we accept the same just as though it were a part of the policy.

It is the contention of counsel for the plaintiff that the following language tolled the limitation of time for bringing action:

"It is not necessary to employ any person to collect any benefit provided in this policy."

We are unable to conclude that the language may be given such a broad construction.

From the facts pleaded we ascertain that the plaintiff, in due time and proper form, gave to the company the requisite facts relative to the fatal accident and death of her husband.

It is further set out in the petition that the Insurance Company immediately advised her that her demand for payment as beneficiary was refused and upon the ground that the policy of insurance was not in force at the time of the injury to her said husband, Peter G. Schmidt.

Plaintiff evidently knew that the premium had not been paid by reason of the fact that she alleged that immediately following the death of her husband she sent to the company the sum of $45.00, that being the amount of the annual premium. She also alleges in her petition that the defendant returned this sum of money and advised her that at that time the policy of insurance was not in force.

We are unable to conceive of any reasonable construction under which it could be properly said that the Insurance Company was guilty of any misrepresentation or fraud. Its notification was full and explicit that it was claiming that the policy was not in force by reason of same having lapsed. There is no allegation of the concealment of any substantive facts. The most that can be said would be that there is ground of difference in legal construction.

Finding no prejudicial error in the judgment of the trial court, the same will be affirmed and costs adjudged against plaintiff in error.

Exceptions will be allowed.

Entry may be drawn in accordance with this decision.

HORNBECK and BODEY, JJ, concur.