**WHITE et, Plaintiff-Appellant, v. PAGE et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4425. Decided October 2, 1950.

Isadore Margulis, Columbus, for plaintiff-appellant.
Power, McConnaughey & Griffith, Columbus, for defendants-appellees.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, dismissing the plaintiff's action.

Plaintiff, a minor, seven years of age, by his mother and next friend, sued the defendants, the parents of Roger Page, a minor, eleven years of age, for damages for personal injuries suffered by the plaintiff when Roger Page shot an arrow from a bow, striking the plaintiff, while the two children were playing in the home of the defendants.

To the petition the defendants filed a motion to make definite and certain, and a motion to strike certain allegations therefrom. The motions were sustained in part, and overruled in part. Plaintiff was given leave to file an amended petition, which was immediately filed. To the amended petition the defendants filed a general demurrer, which was sustained. The plaintiff electing not to plead further the action was dismissed. From the order of dismissal this appeal was taken.

The plaintiff contends that the trial court committed error in sustaining the demurrer to the amended petition. The question for determination is the sufficiency of the allegations in the amended petition. The pertinent allegations on which the plaintiff's cause of action must rest are:

"the defendants gave to and permitted their minor son, Roger Page, age eleven years, to have in his possession a bow and arrow,"

"the defendants permitted their minor child Roger Page,

to have in his possession and play with a bow and arrow," and

"that the said Roger Page, then and there shot the arrow from the bow at the plaintiff, that said blunt end of the arrow struck the right eyeball of the plaintiff."

The parent is not liable for the tort of a child by reason of the relationship of parent and child. **Elms v. Flick, 100 Oh St 186, 126 N. E. 66; Ringhaver v. Schlueter, 23 Oh Ap 355, 156 N. E. 242.** But the plaintiff contends that the bow and arrow was a dangerous instrumentality. We find no reported case in Ohio supporting this contention. The bow and arrow is not described in the amended petition. In Harris v. Cameron, 81 Wis. 239, it was held that a B B gun in the hands of an eleven year old boy, and in Craddock v. Plummer, 88 Mich. 225, it was held that an air gun in the possession of a nine year old child, were not dangerous instrumentalities. We are of the opinion that a bow and arrow used by a child eleven years of age cannot be classed as a dangerous instrumentality. If the bow and arrow cannot be said to be a dangerous instrumentality, as a matter of law, other essential allegations are required to show a liability on the part of the parents. It is apparent that the amended petition does not contain certain essential allegations showing a good cause of action. For a statement as to such essential allegations reference is made to **Vol. 30, O. Jur., page 626 to 629;** Vol. 39 Am. Jur., page 690.

The plaintiff-appellant contends that this Court should reverse the judgment of the trial court on the ground that the trial court erroneously sustained certain grounds of defendants' motion to strike proper allegations from the plaintiff's original petition. The claim of the appellant is not that the order on the motion was an appealable order, but that the order constituted reversible error. Conceding, without deciding, that the trial court should have overruled certain branches of the motion which were sustained, can the plaintiff urge the commission of such claimed error as a ground of reversal? We do not think so. No prejudicial error resulted. The plaintiff did not elect to stand on his petition, which he could have done. **Vol. 2, O. Jur., page 184, Section 97.** Instead, the plaintiff filed an amended petition, and in doing so the plaintiff abandoned his first petition. Any error committed by an erroneous ruling on the motion is cured by filing an amended petition. **Bower v. Travelers Ins. Co., 21 Abs 49.** He is now required to stand on his amended petition. It is obvious that if the amended petition fails to state a good cause of action a reversal and a remand cannot be

ordered. The plaintiff cannot proceed when he fails to state a good cause of action. Consequently, no prejudicial error can be shown.

The original petition, even though it stated a good cause of action, cannot be reinstated; neither can the court look to the original petition in passing on the demurrer to the amended petition. The original petition is considered abandoned and will be wholly disregarded. **City of Ironton v. Wiehle, 78 Oh St 41,** 84 N. E. 425; **Raymond v. Toledo St. L. & K. C. R. R. Co., 57 Oh St 271,** 48 N. E. 1003; **31 O. Jur., page 671.**

Finding no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

MILLER, PJ, HORNBECK, J, concur.