**BUSH, Plaintiff-Appellant, v. COLUMBUS (City), Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4431. Decided February 20, 1951.

Louis A. Gertner, A. M. Sebastian, Columbus, for appellant. Richard W. Gordon, City Atty., Hugh K. Martin, Edward J. Cox, Asst. City Attys., Columbus, for appellee.

## OPINION

By MILLER, J.

This is an action against the City of Columbus, wherein the plaintiff is seeking to recover for personal injuries received as a result of a fall upon an alleged unsafe sidewalk.

The first question presented is whether §3714 GC which imposes upon a municipal corporation the burden of keeping its sidewalks in repair and free from nuisances has application to an unimproved pathway located upon premises dedicated and accepted for highway purposes, but which has never been open to public travel, although it has been used as a public way for an extended period of time. The statutory duty under such circumstances is not imposed upon a municipality until it opens the same to public travel or otherwise invites the public to use it. **City of Dayton v. Rhotehamel, 90 Oh St 175; 28 O. Jur. 544, Section 341.** The appellant is claiming that the permissive use of the way by the public for a long period of time is some evidence tending to establish an opening up for public travel, or an invitation for the same and it therefore became a question for the jury to determine the ultimate fact. The trial court held

that permissive use of the same could impose no liability upon the defendant and therefore instructed the jury to return a verdict in its favor. We think the ruling of the Court is well supported by the case of **Dering v. City of Cleveland, 102 Oh St 94,** wherein the only apparent difference in facts is that in this case the public had constructed a footbridge while in the case at bar it was a pathway. The Court said at page 96:

"The city cannot be saddled with a liability in this manner. The city did not build the footbridge. There was no act shown upon the part of the city accepting it and its burdens, nor any act of the city inviting the public to use it as part of its public highway system. **City of Dayton v. Rhotehamel, Admr., 90 Oh St, 175.**

"The trial court did not err in arresting the case from the jury. The judgment of the court of appeals is affirmed."

It will be noted that the Court held that the trial Court did not err in directing a verdict because there was no act of the City shown accepting the improvement and none such inviting the public to use it as a part of its highway system. The Court cited the case of **City of Dayton v. Rhotehamel, 90 Oh St 175,** which appellant relies on as authority for submitting the case to the jury. Therefore the appellant is not correct in the conclusion that it is always a jury question. Our interpretation of the Rhotehamel case, supra, is that it only becomes a jury question when there is some evidence tending to prove such facts. In the case at bar there was no evidence produced which could impose liability upon the defendant; hence there was no question for the jury to decide.

It is further claimed that the Court erred in striking certain allegations from the petition. The plaintiff did not elect to stand upon his original petition, but elected to amend and in so doing abandoned the original one. 2 O. Jur. 184, Section 97. Any error committed by an erroneous ruling on the motion is cured by the filing of an amended petition. **Bower v. Travelers Insurance Co., 21 Abs 49;** White v. Page, No. 4425, decided by this Court but not reported.

The Court did not err in denying plaintiff's request to have the jury view the scene of the accident. This was purely within the discretion of the Court and there is nothing in the record tending to show an abuse of such discretion.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.