JOSEPH, An Infant, Plaintiff-Appellant, v. PETERSON et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 5979.   Decided April 7, 1959.

Herbert, Tuttle, Applegate & Britt, Paul M. Herbert, of Counsel, Columbus, for plaintiff-appellant.
William J. Lohr, Columbus, for defendants-appellees.

## OPINION

By DUFFY, J.

This is an appeal on questions of law from a judgment entered in the Franklin County Common Pleas Court, wherein the trial court directed the jury to render a verdict for the defendants-appellees.

Plaintiff-appellant, a minor four years of age, by her father and next friend, sued the defendants-appellees, the parents of a minor eight years of age, for injuries received by her on May 17, 1955, when a metal-tipped arrow, shot by the eight-year-old son of the defendants-appellees, struck her in the right eye, necessitating a later removal of the eye.   At the conclusion of plaintiff-appellant's case in the trial court, the appellees moved for a directed verdict, which was sustained by the court.

The trial court construed the evidence presented most favorably to the plaintiff and came to the conclusion that there was no evidence presented showing negligence on the part of the defendant parents,

as evidence presented did not indicate that the child was incompetent or unskilled in the use of the bow and arrow, which the court held was not a dangerous instrumentality as a matter of law. In that finding the court felt compelled to follow **White v. Page,** decided by the Court of Appeals of Franklin County, Ohio, in 1950, and reported in **61 Abs** 498. The trial court did not feel that there was any evidence indicating a course of conduct on the part of defendants' son which would give them warning that such an unfortunate incident as this would probably occur, although the court did recognize that when dealing with children anything is possible, but since the law deals only with probabilities, there were not sufficient grounds to present a case to the jury.

The plaintiff-appellant felt that there was evidence presented which the trial court should have submitted to the jury for decision, as plaintiff's parents testified that they had previously sent the defendants' son home when he brought the bow and arrow to their yard; and the defendant, Mr. Peterson, testified that he had taken the bow and arrow away from the boy and had told the boy to leave the bow and arrow alone; but in spite of this prohibition, the mother gave the boy permission to use the bow and arrow without supervising his activities. The father's prohibition of the use of the bow and arrow was the result of disobedience in its continued use by the defendants' son, and plaintiff-appellant feels that a reasonably prudent parent would have foreseen that the use of the bow and arrow in the neighborhood would result in serious injury to some other person and particularly to a child in the neighborhood. Plaintiff-appellant admits in her brief and argument that the bow and arrow was not a dangerous instrumentality in itself, but when placed in the hands of an incompetent and unskilled eight-year-old lad who is allowed to roam a neighborhood in which there are small children, such a weapon becomes an extremely dangerous instrumentality.

Since the parent is not liable for the tort of a child merely because of this relationship and there was no evidence of agency in this case, it was incumbent upon the plaintiff-appellant to show by some evidence that the parents were negligent in permitting the child to be in possession of the bow and arrow, knowing of the incompetence and unskillfulness and dangerous propensities of their son because of a specific, known course of prior conduct in which the son had engaged and which would give them warning that the son would probably injure another with the use of the bow and arrow.

It is true that there is evidence that the parents of the little girl had previously sent home the son of the defendants when he appeared in their yard with the bow and arrow, and there is evidence that they reported such action on their part to the defendants. They did not see the boy shoot the arrow. There is also evidence that the father, who had instructed the boy in its use, told the boy to leave the bow and arrow alone, but this prohibition seems to have been made because of a disobedience in the continued use of the bow and arrow in the basement of the home after having been told to put it away rather than because of any negligent or dangerous use of the bow and arrow by the boy.

The evidence further showed that the defendant mother had given the boy permission, on the morning of the day of the accident, to use the bow and arrow in a field near the home but did not know that the boy was using the bow and arrow after lunch when the incident in question occurred.

Sad situations such as this should not tempt the court to legislate; the rules respecting the nonliability of the parent for the tort of the child have been well established in the law.

We feel that the trial court properly resolved all doubts in favor of the plaintiff-appellant and properly concluded that there was no evidence of negligence on the part of the defendant parents. Finding no error in the record prejudicial to the rights of the plaintiff-appellants, the judgment is affirmed.

BRYANT, PJ, MILLER, J, concur.