NO. 4-96-0550

                          IN THE APPELLATE COURT

                                OF ILLINOIS

                              FOURTH DISTRICT

MICHAEL A. VAUGHN, JR., a Minor, by )   Appeal from

MICHAEL A. VAUGHN, SR., his father  )   Circuit Court of

and next friend, and MICHAEL A.     )   Sangamon County

VAUGHN, SR., and PATRICIA VAUGHN,   )   No. 86L153

Individually,                       )

          Plaintiffs-Appellants,    )

          v.                        )

DOUG NEVILL, MICHAEL NEVILL,        )

S/R INDUSTRIES, INC., a Corporation,)

          Defendants,               )

          and                       )   Honorable

LANHAM HARDWARE CO., a Corporation, )   Jeanne E. Scott,

          Defendant-Appellee.       )   Judge Presiding.

_________________________________________________________________

          JUSTICE McCULLOUGH delivered the opinion of the court:

          Plaintiffs Michael A. Vaughn, Jr. (Michael Jr.), a minor,

by Michael A. Vaughn, Sr., his father and next friend, and Michael

A. Vaughn, Sr., and Patricia Vaughn, individually, appeal from a

summary judgment entered in the circuit court of Sangamon County in

favor of defendant Lanham Hardware Co. (Lanham).  This lawsuit

sought to recover damages resulting from injury to the eye of

Michael Jr. as the result of use of a slingshot purchased from

defendant.  The original complaint also sought damages against S/R

Industries, manufacturer of the slingshot; Doug Nevill (Doug), user

of the slingshot; and Michael Nevill, parent of Doug and on whose

property the injury occurred.  Only Lanham is involved in this

appeal.

          The issues are whether, as a matter of law (1) Lanham had

a duty not to sell a slingshot to a minor of 11 years of age; and

(2) a slingshot is an inherently dangerous weapon, or whether that

is a question of fact precluding entry of summary judgment.  We

affirm.

          Plaintiffs' third-amended complaint alleged that Lanham,

a Delaware corporation, engaged in business in Sangamon County,

Illinois, by operating a store in Springfield from which it sold

various "playthings," including the Marksman slingshot, the subject

of this suit.  It was alleged (1) Lanham negligently and carelessly

sold the slingshot to a minor and (2) knew or should have known it

to be inherently dangerous because objects could be shot with force

which could seriously injure persons hit by the objects.  On or

about May 7, 1984, plaintiff Michael Jr. was struck in the left eye

by an object fired from the slingshot by Doug, then under the age

of 18.  As a direct and proximate result, plaintiff was injured. 

Count III sought damages for the child's injuries, and count V

sought to recover medical expenses incurred by his parents.

          The affidavit of Mark Endres indicated he bought the

slingshot from Lanham's store and gave it to Doug.  At the time of

the purchase, Endres was 11 years old.  According to the deposition

testimony of Michael Jr., at the time of the injury he and Doug

were about 14 years old.  Doug shot a rock at him from a distance

of about three feet.

          Joyce Lanham Rodgers, defendant's company secretary,

testified there was no way to determine from which of defendant's

two stores the product was purchased.  She did not work in the

sporting goods area of the store.  The store did sell slingshots

from time to time, but she did not recall the brands.  The company

complied with federal rules regarding sale of firearms, but anyone

could purchase a slingshot.  That was not federally controlled. 

She was not involved directly in sales.  Her brother, Ron Lanham,

would have been involved with sales to customers.  From her

experience, there were no restrictions on sales of slingshots.

          In the motion for summary judgment, defendant argued

plaintiffs failed to establish that (1) the slingshot was purchased

from Lanham, and (2) the slingshot was an inherently dangerous

instrumentality so as to support a cause of action for absolute

liability.  In opposition to the motion for summary judgment,

plaintiffs resubmitted the affidavit of Endres and a photocopy of

Rodgers' deposition No. 2, a portion of a container for a Marksman

Folding Slingshot 3040, which contained the warning, "This is not

a toy and should be used only with adult supervision."  Plaintiffs

also attempted to submit an unsigned affidavit of Doug to reflect

that the slingshot was accidentally, not intentionally, discharged. 

Plaintiffs' motion to submit Doug's affidavit indicated Doug was

reluctant to sign it without first having his attorney review it,

and his attorney was out of town.

          Based on the affidavit of Endres, the trial court found

a genuine issue of material fact as to whether the slingshot was

purchased at defendant's store.  However, the trial court concluded

the slingshot in this case was not an inherently dangerous instru-

mentality and that Lanham did not breach any duty owed to plain-

tiffs.  

          After the trial judge issued her letter memorandum, and

before judgment was entered, plaintiffs filed a motion to set aside

the summary judgment.  Attached to that motion was the affidavit of

Ron Lanham to the effect that Rodgers' deposition No. 2 was

similar, if not identical, to boxes containing slingshots Lanham

sold prior to 1991.  Nevertheless, the trial court entered summary

judgment after considering plaintiffs' motion and the supplemental

brief subsequently filed by plaintiffs.

               "The purpose of summary judgment is to

          determine whether there are any genuine issues

          of material fact (Purtill v. Hess (1986), 111

          Ill. 2d 229, 240), and summary judgment should

          be granted when 'the pleadings, depositions,

          and admissions on file, together with the

          affidavits, if any, show that there is no

          genuine issue as to any material fact and that

          the moving party is entitled to a judgment as

          a matter of law' (Ill. Rev. Stat. 1989, ch.

          110, par. 2-1005(c)).  Although summary judg-

          ment is an expeditious method of disposing of

          a lawsuit, it should only be allowed when the

          right of the moving party is clear and free

          from doubt.  (Purtill, 111 Ill. 2d at 240.)" 

          Colvin v. Hobart Brothers, 156 Ill. 2d 166,

          169-70, 620 N.E.2d 375, 377 (1993).

On appeal, the propriety of granting summary judgment is considered

de novo.  Delaney v. McDonald's Corp., 158 Ill. 2d 465, 467, 634

N.E.2d 749, 750 (1994).  The reviewing court considers anew the

facts and law relating to the case and determines whether any

genuine issue of material fact exists, and if none exists, whether

the judgment was correctly entered as a matter of law.  University

of Illinois v. Continental Casualty Co., 234 Ill. App. 3d 340, 343,

599 N.E.2d 1338, 1341 (1992); Kellner v. Bartman, 250 Ill. App. 3d

1030, 1033, 620 N.E.2d 607, 609 (1993).  Where the record presents

a question of law only, summary judgment is an appropriate remedy. 

Marshall v. City of Centralia, 143 Ill. 2d 1, 6, 570 N.E.2d 315,

317 (1991); Westwood Forum, Inc. v. City of Springfield, 261 Ill.

App. 3d 911, 916, 634 N.E.2d 1154, 1158 (1994).

          We first consider whether, as a matter of law, a

slingshot is an inherently dangerous weapon or whether this is a

question of fact precluding entry of summary judgment.  Illinois

recognizes absolute liability relating to inherently dangerous

instrumentalities.  Mealey v. Pittman, 202 Ill. App. 3d 771, 778,

559 N.E.2d 1173, 1177 (1990).

          "As this Court stated in Watts v. Bacon & Van

          Buskirk Glass Co., (1958), 20 Ill. App. 2d

          164, 168, 155 N.E.2d 333:

               'The term "inherently dangerous"

               means that type of danger which

               inheres in the instrumentality or

               condition itself at all times,

               thereby requiring special precau-

               tions to be taken with regard to it

               to prevent injury and does not mean

               danger which arises from mere casual

               or collateral negligence of others

               with respect to it under particular

               circumstances.  Concisely stated,

               the term means, dangerous in its

               normal or nondefective state as for

               example, explosives and poisons.'

          It was also noted in Snow v. Judy (1968), 96

          Ill. App. 2d 420, 422-23, 239 N.E.2d 327,

          that:

               'Where the experience of mankind

               teaches that the instrumentality,

               the conduct or the physical condi-

               tion is per se inherently dangerous,

               society imposes a duty to act or to

               refrain from acting in a manner

               reasonably calculated to avoid inju-

               ry to others from the known or

               readily apparent danger.'"  Woodward

               v. Mettille, 81 Ill. App. 3d 168,

               176, 400 N.E.2d 934, 942 (1980).

          The fact that injury can be inflicted by the instrumen-

tality does not make it an inherently dangerous instrumentality. 

Pitts v. Basile, 35 Ill. 2d 49, 52, 219 N.E.2d 472, 474 (1966)

(darts).  A product is inherently dangerous if it is dangerous in

its normal or nondefective state.  Fallon v. Indian Trail School,

Addison Township School District No. 4, 148 Ill. App. 3d 931, 935,

500 N.E.2d 101, 103 (1986).  Whether an instrument is inherently

dangerous may be determined as a matter of law.  Mealey, 202 Ill.

App. 3d at 778, 559 N.E.2d at 1177 (nunchucks not inherently

dangerous); Fallon, 148 Ill. App. 3d at 935, 500 N.E.2d at 103

(trampoline is not an abnormally dangerous instrumentality); Cole

v. Housing Authority of LaSalle County, 68 Ill. App. 3d 66, 71-72,

385 N.E.2d 382, 387 (1979) (metal stakes not inherently dangerous);

Maramba v. Neuman, 82 Ill. App. 2d 95, 104, 227 N.E.2d 80, 83

(1967) (boomerang is not an inherently dangerous instrumentality).

          In Pitts, the supreme court stated:

               "There are many things used by children

          that may be said to be unsafe when used for

          the purpose for which they are intended.  A

          baseball, a baseball bat, a penknife, a Boy

          Scout hatchet, a bicycle, all have the capac-

          ity to injure the user or others in the course

          of their normal use.  They are not, however,

          to be categorized as 'dangerous instrumentali-

          ties.'  As was said by the Tennessee court in

          Highsaw v. Creech, 17 Tenn. A. 573, 69 S.W.2d

          249, 252, 'an air gun is not a dangerous

          instrumentality of itself, but is in fact a

          toy.  ***  The fact alone that an injury may

          be inflicted by such a toy does not make of it

          a dangerous instrumentality in the sense that

          the term is generally used.'  In Morris v. Toy

          Box, (Cal. App. 1962) 22 Cal. Rptr. 572, 574-

          5, a complaint brought by a minor against a

          retailer alleging that the retailer knew that

          the intended user of a bow and arrow was the

          purchaser's [10]-year-old boy was dismissed,

          the court saying, 'the bow and arrow has been

          in use by young and old alike for thousands of

          years.  *** To us it is simply inconceivable

          that a 10-year-old boy, much less his mother,

          would be unacquainted with the use of so

          common an article as the one here in ques-

          tion.'  See also, White v. Page, (Ohio App.

          1950) 105 N.E.2d 652."  Pitts, 35 Ill. 2d at

          51-52, 219 N.E.2d at 474.

          A slingshot is not dangerous unless improperly used.  We

agree with the trial court that the slingshot is not an inherently

dangerous instrument.

          The plaintiffs also argue that Lanham had a duty not to

sell a slingshot to a minor of 11 years of age.  In a negligence

case, the existence of a duty, i.e., whether defendant and

plaintiff stood in such a relationship to one another that the law

imposed on defendant an obligation of reasonable conduct for the

benefit of plaintiff, is a question of law.  The factors to be

considered in determining the existence of a duty include the

reasonable foreseeability of injury, the likelihood of injury, the

magnitude of the burden of guarding against injury, and the

consequence of placing that burden on defendant.  Ward v. K mart

Corp., 136 Ill. 2d 132, 140-41, 554 N.E.2d 223, 226-27 (1990).

          Although we agree with the trial court that Lanham had no

duty to refrain from selling the slingshot to Endres in this case,

because an 11-year-old should be aware of the dangers presented by

a slingshot, we need not rely solely on the absence of a duty in

this case.  Even if it did exist as plaintiffs suggest, i.e., that

defendant should not have sold or entrusted the slingshot to an 11-

year-old, there were no facts presented in which a breach of that

duty would be established.

          Endres' affidavit did not say he was not accompanied by

an adult when he purchased the slingshot.  While plaintiffs are not

required to prove their case at summary judgment stage, they must

present some facts to support the elements of their claims. 

Ralston v. Casanova, 129 Ill. App. 3d 1050, 1059, 473 N.E.2d 444,

451 (1984).

          The supreme court in Pitts referred to section 390 of the

Restatement (Second) of Torts:

               "'One who supplies directly or through a

          third person a chattel for the use of another

          whom the supplier knows or has reason to know

          to be likely because of his youth, inexperi-

          ence, or otherwise, to use it in a manner

          involving unreasonable risk of physical harm

          to himself and others whom the supplier should

          expect to share in or be endangered by its

          use, is subject to liability for physical harm

          resulting to them.'"  Pitts, 35 Ill. 2d at 52-

          53, 219 N.E.2d at 474, quoting Restatement

          (Second) of Torts §390, at 314 (1965).

          In this case, there is no evidence defendant knew that

Endres would use the slingshot in an unreasonable manner so as to

create a risk of physical harm or would share it with others who

would so act.  Nor is there any evidence of Endres' experience such

that defendant had reason to know such actions would be likely.  As

to Endres' youth, the trial court apparently found that age alone

would be no indication of responsible use of a slingshot since a

youthful person would be aware of the danger.  In any event, it was

not 11-year-old Endres who acted inappropriately, but 14-year-old

Doug.  Plaintiff has presented no facts to demonstrate a breach of

any duty on the part of Lanham.

          The judgment of the circuit court of Sangamon County is

affirmed.

          Affirmed.

          STEIGMANN, P.J., and KNECHT, J., concur.