MICHAEL A. VAUGHN, JR., a Minor, by Michael A. Vaughn, Sr., his Father and Next Friend, *et al.*, Plaintiffs-Appellants, v. DOUG NEVILL *et al.*, Defendants (Lanham Hardware Company, Defendant-Appellee).

Fourth District    No. 4—96—0550

Argued January 22, 1997.—Opinion filed March 5, 1997.—Rehearing denied April 3, 1997.

Edward D. McNamara, Jr. (argued), of McNamara & Evans, of Springfield, for appellants.

Angela Meyers Kniery (argued), of Holley Law Office, of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiffs Michael A. Vaughn, Jr. (Michael Jr.), a minor, by Michael A. Vaughn, Sr., his father and next friend, and Michael A. Vaughn, Sr., and Patricia Vaughn, individually, appeal from a summary judgment entered in the circuit court of Sangamon County in favor of defendant Lanham Hardware Co. (Lanham). This lawsuit sought to recover damages resulting from injury to the eye of Michael Jr. as the result of use of a slingshot purchased from defendant. The original complaint also sought damages against S/R Industries, manufacturer of the slingshot; Doug Nevill (Doug), user of the slingshot; and Michael Nevill, parent of Doug and on whose property the injury occurred. Only Lanham is involved in this appeal.

The issues are whether, as a matter of law (1) Lanham had a duty not to sell a slingshot to a minor of 11 years of age; and (2) a slingshot is an inherently dangerous weapon, or whether that is a question of fact precluding entry of summary judgment. We affirm.

Plaintiffs' third-amended complaint alleged that Lanham, a Dela-

ware corporation, engaged in business in Sangamon County, Illinois, by operating a store in Springfield from which it sold various "playthings," including the Marksman slingshot, the subject of this suit. It was alleged (1) Lanham negligently and carelessly sold the slingshot to a minor and (2) knew or should have known it to be inherently dangerous because objects could be shot with force which could seriously injure persons hit by the objects. On or about May 7, 1984, plaintiff Michael Jr. was struck in the left eye by an object fired from the slingshot by Doug, then under the age of 18. As a direct and proximate result, plaintiff was injured. Count III sought damages for the child's injuries, and count V sought to recover medical expenses incurred by his parents.

The affidavit of Mark Endres indicated he bought the slingshot from Lanham's store and gave it to Doug. At the time of the purchase, Endres was 11 years old. According to the deposition testimony of Michael Jr., at the time of the injury he and Doug were about 14 years old. Doug shot a rock at him from a distance of about three feet.

Joyce Lanham Rodgers, defendant's company secretary, testified there was no way to determine from which of defendant's two stores the product was purchased. She did not work in the sporting goods area of the store. The store did sell slingshots from time to time, but she did not recall the brands. The company complied with federal rules regarding sale of firearms, but anyone could purchase a slingshot. That was not federally controlled. She was not involved directly in sales. Her brother, Ron Lanham, would have been involved with sales to customers. From her experience, there were no restrictions on sales of slingshots.

In the motion for summary judgment, defendant argued plaintiffs failed to establish that (1) the slingshot was purchased from Lanham, and (2) the slingshot was an inherently dangerous instrumentality so as to support a cause of action for absolute liability. In opposition to the motion for summary judgment, plaintiffs resubmitted the affidavit of Endres and a photocopy of Rodgers' deposition No. 2, a portion of a container for a Marksman Folding Slingshot 3040, which contained the warning, "This is not a toy and should be used only with adult supervision." Plaintiffs also attempted to submit an unsigned affidavit of Doug to reflect that the slingshot was accidentally, not intentionally, discharged. Plaintiffs' motion to submit Doug's affidavit indicated Doug was reluctant to sign it without first having his attorney review it, and his attorney was out of town.

Based on the affidavit of Endres, the trial court found a genuine issue of material fact as to whether the slingshot was purchased at

defendant's store. However, the trial court concluded the slingshot in this case was not an inherently dangerous instrumentality and that Lanham did not breach any duty owed to plaintiffs.

After the trial judge issued her letter memorandum, and before judgment was entered, plaintiffs filed a motion to set aside the summary judgment. Attached to that motion was the affidavit of Ron Lanham to the effect that Rodgers' deposition No. 2 was similar, if not identical, to boxes containing slingshots Lanham sold prior to 1991. Nevertheless, the trial court entered summary judgment after considering plaintiffs' motion and the supplemental brief subsequently filed by plaintiffs.

> "The purpose of summary judgment is to determine whether there are any genuine issues of material fact (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240), and summary judgment should be granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law' (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c)). Although summary judgment is an expeditious method of disposing of a lawsuit, it should only be allowed when the right of the moving party is clear and free from doubt. (*Purtill*, 111 Ill. 2d at 240.)" *Colvin v. Hobart Brothers*, 156 Ill. 2d 166, 169-70, 620 N.E.2d 375, 377 (1993).

On appeal, the propriety of granting summary judgment is considered *de novo*. *Delaney v. McDonald's Corp.*, 158 Ill. 2d 465, 467, 634 N.E.2d 749, 750 (1994). The reviewing court considers anew the facts and law relating to the case and determines whether any genuine issue of material fact exists, and if none exists, whether the judgment was correctly entered as a matter of law. *University of Illinois v. Continental Casualty Co.*, 234 Ill. App. 3d 340, 343, 599 N.E.2d 1338, 1341 (1992); *Kellner v. Bartman*, 250 Ill. App. 3d 1030, 1033, 620 N.E.2d 607, 609 (1993). Where the record presents a question of law only, summary judgment is an appropriate remedy. *Marshall v. City of Centralia*, 143 Ill. 2d 1, 6, 570 N.E.2d 315, 317 (1991); *Westwood Forum, Inc. v. City of Springfield*, 261 Ill. App. 3d 911, 916, 634 N.E.2d 1154, 1158 (1994).

■ We first consider whether, as a matter of law, a slingshot is an inherently dangerous weapon or whether this is a question of fact precluding entry of summary judgment. Illinois recognizes absolute liability relating to inherently dangerous instrumentalities. *Mealey v. Pittman*, 202 Ill. App. 3d 771, 778, 559 N.E.2d 1173, 1177 (1990).

> "As this Court stated in *Watts v. Bacon & Van Buskirk Glass Co.* (1958), 20 Ill. App. 2d 164, 168, 155 N.E.2d 333:

'The term "inherently dangerous" means that type of danger which inheres in the instrumentality or condition itself at all times, thereby requiring special precautions to be taken with regard to it to prevent injury and does not mean danger which arises from mere casual or collateral negligence of others with respect to it under particular circumstances. Concisely stated, the term means, dangerous in its normal or nondefective state as for example, explosives and poisons.'

It was also noted in *Snow v. Judy* (1968), 96 Ill. App. 2d 420, 422-23, 239 N.E.2d 327, that:

'Where the experience of mankind teaches that the instrumentality, the conduct or the physical condition is per se inherently dangerous, society imposes a duty to act or to refrain from acting in a manner reasonably calculated to avoid injury to others from the known or readily apparent danger.' " *Woodward v. Mettille*, 81 Ill. App. 3d 168, 176, 400 N.E.2d 934, 942 (1980).

■ The fact that injury can be inflicted by the instrumentality does not make it an inherently dangerous instrumentality. *Pitts v. Basile*, 35 Ill. 2d 49, 52, 219 N.E.2d 472, 474 (1966) (darts). A product is inherently dangerous if it is dangerous in its normal or nondefective state. *Fallon v. Indian Trail School, Addison Township School District No. 4*, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101, 103 (1986). Whether an instrument is inherently dangerous may be determined as a matter of law. *Mealey*, 202 Ill. App. 3d at 778, 559 N.E.2d at 1177 (nunchucks not inherently dangerous); *Fallon*, 148 Ill. App. 3d at 935, 500 N.E.2d at 103 (trampoline is not an abnormally dangerous instrumentality); *Cole v. Housing Authority of La Salle County*, 68 Ill. App. 3d 66, 71-72, 385 N.E.2d 382, 387 (1979) (metal stakes not inherently dangerous); *Maramba v. Neuman*, 82 Ill. App. 2d 95, 104, 227 N.E.2d 80, 83 (1967) (boomerang is not an inherently dangerous instrumentality).

In *Pitts*, the supreme court stated:

"There are many things used by children that may be said to be unsafe when used for the purpose for which they are intended. A baseball, a baseball bat, a penknife, a Boy Scout hatchet, a bicycle, all have the capacity to injure the user or others in the course of their normal use. They are not, however, to be categorized as 'dangerous instrumentalities.' As was said by the Tennessee court in *Highsaw v. Creech*, 17 Tenn. A. 573, 69 S.W.2d 249, 252, 'an air gun is not a dangerous instrumentality of itself, but is in fact a toy. *** The fact alone that an injury may be inflicted by such a toy does not make of it a dangerous instrumentality in the sense that the term is generally used.' In *Morris v. Toy Box*, (Cal. App.

1962) 22 Cal. Rptr. 572, 574-5, a complaint brought by a minor against a retailer alleging that the retailer knew that the intended user of a bow and arrow was the purchaser's [10]-year-old boy was dismissed, the court saying, 'the bow and arrow has been in use by young and old alike for thousands of years. \*\*\* To us it is simply inconceivable that a 10-year-old boy, much less his mother, would be unacquainted with the use of so common an article as the one here in question.' See also, *White v. Page*, (Ohio App. 1950) 105 N.E.2d 652." *Pitts*, 35 Ill. 2d at 51-52, 219 N.E.2d at 474.

A slingshot is not dangerous unless improperly used. We agree with the trial court that the slingshot is not an inherently dangerous instrument.

■ The plaintiffs also argue that Lanham had a duty not to sell a slingshot to a minor of 11 years of age. In a negligence case, the existence of a duty, *i.e.*, whether defendant and plaintiff stood in such a relationship to one another that the law imposed on defendant an obligation of reasonable conduct for the benefit of plaintiff, is a question of law. The factors to be considered in determining the existence of a duty include the reasonable foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against injury, and the consequence of placing that burden on defendant. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140-41, 554 N.E.2d 223, 226-27 (1990).

■ Although we agree with the trial court that Lanham had no duty to refrain from selling the slingshot to Endres in this case, because an 11-year-old should be aware of the dangers presented by a slingshot, we need not rely solely on the absence of a duty in this case. Even if it did exist as plaintiffs suggest, *i.e.*, that defendant should not have sold or entrusted the slingshot to an 11-year-old, there were no facts presented in which a breach of that duty would be established.

Endres' affidavit did not say he was not accompanied by an adult when he purchased the slingshot. While plaintiffs are not required to prove their case at summary judgment stage, they must present some facts to support the elements of their claims. *Ralston v. Casanova*, 129 Ill. App. 3d 1050, 1059, 473 N.E.2d 444, 451 (1984).

The supreme court in *Pitts* referred to section 390 of the Restatement (Second) of Torts:

" 'One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to

share in or be endangered by its use, is subject to liability for physical harm resulting to them.' " *Pitts* 35 Ill. 2d at 52-53, 219 N.E.2d at 474, quoting Restatement (Second) of Torts § 390, at 314 (1965).

In this case, there is no evidence defendant knew that Endres would use the slingshot in an unreasonable manner so as to create a risk of physical harm or would share it with others who would so act. Nor is there any evidence of Endres' experience such that defendant had reason to know such actions would be likely. As to Endres' youth, the trial court apparently found that age alone would be no indication of responsible use of a slingshot since a youthful person would be aware of the danger. In any event, it was not 11-year-old Endres who acted inappropriately, but 14-year-old Doug. Plaintiff has presented no facts to demonstrate a breach of any duty on the part of Lanham.

The judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.