No. 2--00--1147

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

RODRICK WHETSTONE, as Assignee  ) Appeal from the Circuit Court

of Rose Groce, Charles Lusk,  ) of Winnebago County.

and Bill Thompson Transport,    )

Inc.,                           )

)

     Plaintiff-Appellee,        )   

                                )

v.                              ) No. 96--L--247     

                                )          

ROBERT P. SOOTER,               ) Honorable

  ) J. Edward Prochaska,

Defendant-Appellant.  ) Judge, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Robert A. Sooter, appeals the trial court's order denying his motion for summary judgment on a counterclaim filed by plaintiff, Rodrick Whetstone, as assignee of Rose Groce, Charles Lusk, and Bill Thompson Transport, Inc.  We affirm.

Rodrick Whetstone was riding as a passenger in an automobile driven by Robert P. Sooter.  On August 22, 1994, the automobile driven by Sooter collided with the rear portion of a truck driven by Rose Groce.  The truck had pulled into the lane in front of Sooter's vehicle after having been stopped on the shoulder.  The truck was owned by Charles Lusk and Bill Thompson Transport Company, Inc.  

Whetstone filed an amended complaint alleging negligence against defendants, Sooter, Groce, Lusk, and Thompson Transport.  Groce, Lusk, and Thompson Transport filed a counterclaim for contribution against defendant Sooter.  

Groce, Lusk, and Thompson Transport entered into a settlement with Whetstone.  In exchange for a general release of all claims against all defendants and the dismissal of the entire complaint with prejudice, Whetstone accepted a sum of $30,000 paid by Groce, Lusk, and Thompson Transport.  The settlement also included an assignment to Whetstone of the counterclaim for contribution filed against Sooter by Groce, Lusk, and Thompson Transport.

The trial court entered the following order approving the settlement:

"THIS MATTER coming on for hearing on the Motion for Approval of Settlement, and the Plaintiff appearing by RENO, ZAHM, FOLGATE, LINDBERG & POWELL, by Robert A. Frederickson, and the Defendant, ROBERT P. SOOTER, appearing by ENNACE, MEADE & ASSOCIATES, by J. Klein, and the Defendants, ROSE GROCE, CHARLES LUSK, and BILL THOMPSON TRANSPORT, INC., appearing by LANDAU, OMAHANA & KOPKA, by Barry A. Robin and the Court being fully advised in the premises finds:

1. That the Plaintiff has settled the case as to all Defendants for the sum of $30,000 and an assignment of the counterclaim of ROSE GROCE, CHARLES LUSK, and BILL THOMPSON TRANSPORT, INC., and their insurer MARKEL INSURANCE COMPANY OF CANADA, against Robert P. Sooter, and the Court hereby approves said settlement as a good faith settlement;

2. That Defendants, ROSE GROCE, CHARLES LUSK and BILL THOMPSON TRANSPORT, INC., and their insurer, MARKEL INSURANCE COMPANY OF CANADA, have assigned to RODRICK WHETSTONE their counterclaim against SOOTER, and leave is granted for Rodrick Whetstone to amend said counterclaim to add Rodrick Whetstone as a counterplaintiff therein.

3. That the counterclaim (GROCE, LUSK, THOMPSON TRANSPORTATION, AND WHETSTONE v. SOOTER) aspect of this case is hereby assigned to the arbitration docket, as the amount in controversy is $30,000.

4. That the case of RODRICK WHETSTONE v. ROBERT P. SOOTER, ROSE GROCE, CHARLES LUSK, and BILL THOMPSON TRANSPORT, INC. (case no. 96-L-247 less the Groce, et al. v. Sooter counterclaim), is hereby dismissed with prejudice as the main case has been settled as set forth herein." 

The order was signed by the attorneys for each of the parties, including Sooter. 

Sooter filed a motion to dismiss the counterclaim pursuant to section 2--619 of the Code of Civil Procedure (Code) (735 ILCS 5/2--619 (West 2000)).  The motion asserted that the general release of claims executed by Whetstone barred Whetstone's ability to proceed as plaintiff on the counterclaim assigned as part of the settlement.  Sooter also filed a motion to dismiss the counterclaim as violative of his constitutional right to a jury trial.  The motion asserted that the purpose and effect of the assignment of the counterclaim against Sooter was to avoid a jury's determination of the amount of damages to be awarded to Whetstone.  Since Sooter filed a jury demand, he asserted that the assignment of the counterclaim violated his right to have a jury determine the amount of damages and contravened the purpose behind the Joint Tortfeasor Contribution Act (740 ILCS 100/1 
et seq.
 (West 2000)).

After a hearing on Sooter's motions, the trial court found that the settlement placed the total amount of damages at $30,000 and that a jury would determine the percentage of liability attributed to Sooter on the assigned counterclaim.  Based on this ruling, Sooter withdrew the motion to dismiss for constitutional reasons.  The trial court denied Sooter's section 2--619 motion to dismiss the counterclaim, specifically finding the terms of the release to be unambiguous, and did not bar an assignment of the counterclaim to Whetstone.  Although the order references the motion filed by Sooter as a motion for "summary judgment," this is an error, as the pleading upon which the order was entered clearly identifies it as being brought pursuant to section 2--619 of the Code.

The case proceeded to a jury trial on the assigned counterclaim for contribution.  The jury apportioned liability at 35% against Thompson Transport and 65% against Sooter.  A judgment was entered in favor of Whetstone as assignee of the counterclaim and against Sooter in the amount of $19,500.

Sooter filed a posttrial motion.  The motion asserted that the trial court erred in denying his motion for summary judgment.  Sooter's posttrial motion was denied and this appeal followed.  Sooter seeks the reversal of the denial of his section 2--619 motion to dismiss the counterclaim and the judgment entered against him in the amount of $19,500.

The release at issue provided as follows:

"FULL AND FINAL RELEASE OF ALL CLAIMS

IN CONSIDERATION of payment of the sum of Thirty Thousand Dollars ($30,000.00) paid by or on behalf of ROSE GROCE, CHARLES LUSK, BILL THOMPSON TRANSPORT, INC., and MARKEL INSURANCE COMPANY OF CANADA, receipt of which is hereby acknowledged, Releasor, RODRICK WHETSTONE, for Releasor and all heirs, executors, administrators and assigns hereby releases and forever discharges, and holds harmless and indemnifies Releasees, ROSE GROCE, CHARLES LUSK, BILL THOMPSON TRANSPORT, INC., and MARKEL INSURANCE COMPANY OF CANADA, and all of their agents, servants, related subsidiaries, parent companies, affiliated companies and assigns and hereby releases and forever discharges all other parties of all claims, damages, costs, expenses, demands, actions and suits of whatever kind, whether known or unknown at this time, whether now existing or existing in the future or whether brought by or on behalf of Releasor or against Releasor resulting or arising from an accident which occurred on or about the 22nd day of August, 1994, at or near Bypass U.S. 20, in the City of Belvidere, County of Winnebago, State of Illinois, and more particularly described in a lawsuit filed in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois bearing Case No. 96 L 247."

In a separate document executed as part of the settlement, Groce, Lusk, and Thompson Transport assigned their counterclaim for contribution against Sooter to Whetstone.  The assignment provided as follows:

"The undersigned [
sic
], ROSE GROCE, CHARLES LUSK, and BILL THOMPSON TRANSPORT, INC., and their insurer, MARKEL INSURANCE COMPANY OF CANADA, by their attorneys, LANDAU, OMAHANA & KOPKA, LTD., by Barry A. Robin, for one dollar and other good and valuable consideration hereby assign to RODRICK WHETSTONE their cause of action in the form of counterclaim against ROBERT SOOTER for reimbursement of sums paid by said assignors in excess of their pro rata share of sums due Rodrick Whetstone."  

Since the release provided that Whetstone released and discharged all parties of all claims, "actions and suits of whatever kind, whether known or unknown at this time, whether now existing or existing in the future or whether brought by or on behalf of Releasor or against Releasor resulting or arising from an accident which occurred on or about the 22nd day of August, 1994, at or near Bypass U.S. 20, in the City of Belvidere," Sooter contends that the assigned counterclaim brought by Whetstone was covered by the terms of the release.  He contends the counterclaim should have been dismissed pursuant to his section 2--619 motion. 

The purpose of a section 2--619 motion to dismiss is to provide a means to dispose of issues of law or easily proved issues of fact.  
Noesges v. Servicemaster Co.
, 233 Ill. App. 3d 158, 162 (1992). A section 2--619 motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the claim.  
Joseph v. Collis
, 272 Ill. App. 3d 200, 206 (1995).  The motion should be granted if, after construing the documents in support and in opposition to the motion in the light most favorable to the nonmoving party, there are no disputed issues of material fact.  
Noesges
, 233 Ill. App. 3d at 162.  A reviewing court is not required to defer to the trial court's judgment on a motion to dismiss and will review the matter 
de novo
.  
T&S Signs, Inc. v. Village of Wadsworth
, 261 Ill. App. 3d 1080, 1084 (1994). 

 The Joint Tortfeasor Contribution Act (Contribution Act or Act) provides, in pertinent portion:

"(a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them. 

(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share.  No tortfeasor is liable to make contribution beyond his pro rata share of the common liability."  740 ILCS 100/2 (West 2000).

In 
Claudy v. Commonwealth Edison Co.
, 169 Ill. 2d 39, 43 (1995), our supreme court addressed the issue of whether a right of contribution can be assigned.  The majority in 
Claudy
 decided that the assigned contribution action failed under the particular facts of the case because the settling defendant did not pay in excess of its 
pro rata
 share of the common liability as required in section 2(b) of the Act.  
Claudy
, 169 Ill. 2d at 43. 

The majority in 
Claudy
 declined to address the propriety of an assignment of the right of contribution.  
Claudy
, 169 Ill. 2d at 43.  The dissent directly addressed the issue and believed that a right of contribution is generally assignable.  
Claudy
, 169 Ill. 2d at 47 ("a right of contribution is generally assignable") (Nickels, J., dissenting, joined by Bilandic, C.J., and McMorrow, J.)  In a subsequent decision from the Illinois Appellate Court, First District, the court adopted the rationale of the dissent and held that a contribution action can be assigned to a nontortfeasor.  
Block v. Pepper Construction Co.
, 304 Ill. App. 3d 809, 813-14 (1999); see also 
Dubina v. Mesirow Realty Development, Inc.
, 308 Ill. App. 3d 348 (1999).  

Contrary to the rationale of 
Claudy
, the settlement at issue was consistent with the purpose behind the Contribution Act. By arranging for a complete and final settlement against all parties, including Sooter, Thompson Transport's counterclaim, which was  assigned to Whetstone, sought contribution against Sooter for his 
pro rata
 share of liability.  The issue of Sooter's 
pro rata
 share of liability was tried before a jury.  The jury assessed Sooter's 
pro rata
 share of the common liability of $30,000 pursuant to the terms of the settlement to be 65%.  Sooter benefitted by the settlement in that the judgment against him was calculated based on the amount of the settlement.  Had the settlement amount been higher, the judgment against Sooter would have increased.  

Nevertheless, Sooter contends that the language of the release between Whetstone and the Thompson Transport defendants was sufficiently broad to release the assigned counterclaim against him.  In support of his position, Sooter cites 
Rakowski v. Lucente
, 104 Ill. 2d 317 (1984).  

In 
Rakowski
, the plaintiff and two passengers were involved in an automobile collision with Lucente.  Lucente executed and delivered a general release in favor of Rakowski.   Rakowski and his two passengers then sued Lucente for personal injuries they suffered in the accident.  Lucente counterclaimed for contribution against Rakowski.  Rakowski filed a motion to dismiss, asserting that the general release barred Lucente's counterclaim for contribution as well as any other claims filed against him.  In opposition to the motion, Lucente filed an affidavit stating that he did not intend to give up his right to seek contribution from Rakowski and intended only to release Rakowski from claims for injuries Lucente suffered as well as for damage to the automobile. 

Our supreme court affirmed the trial court's dismissal of the contribution claim.  The court examined the language of the general release, which provided, generally, that Rakowski released liability from "any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature" whatsoever.  On this basis, the court found the contribution action to be within the scope of the general release that was "comprehensive, precise and unambiguous."  
Rakowski
, 104 Ill. 2d at 323.  

We addressed a similar situation in 
Haley v. Posdal
, 201 Ill. App. 3d 963 (1990).  Haley and Allport were passengers in an automobile driven by Haley's son, Tate, when it was involved in a collision with an automobile driven by Posdal.  Haley and Allport filed suit against Posdal.  Posdal filed suit against Tate.  He also filed a contribution action against Tate in the Haley suit.  Posdal settled his suit against Tate and executed a release discharging Haley and Haley's insurer from "any and all actions, causes of action, claims, demands, costs, loss of services, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from an accident."  201 Ill. App. 3d at 969.  Tate then moved to dismiss Posdal's contribution action against him, claiming that the release Posdal executed also settled and released the counterclaim.  On the basis of the general release, the trial court dismissed Posdal's contribution action against Tate and Posdal's action for personal injuries and property damage against Tate.  On appeal, the court relied on 
Rakowski
 in determining that the contribution action was a cause of action that grew out of the automobile collision at issue and 
was barred by the express language of the general release.

In denying Sooter's section 2--619 motion to dismiss, the trial court distinguished 
Rakowski
 and 
Haley
.  The trial court found the cases distinguishable because they did not involve an assigned counterclaim.  In both 
Rakowski
 and 
Haley
, the same party that executed the release had a counterclaim pending.  The broad language of the release was construed to discharge the counterclaim, as it was a cause of action "owned" by the releasing party.  In the trial court's view, the assigned counterclaim could not have been released or discharged by Whetstone, as he did not "own" the counterclaim when the release was executed, having subsequently acquired the right to proceed on the counterclaim as part of the final settlement.

We agree with the trial court's analysis.  By the terms of the release, Whetstone released and discharged his pending claim against defendants, including Sooter.  Although the language of the release is broad, it does not specifically state that the Thompson Trucking counterclaim is included.  Before the assignment of the counterclaim to Whetstone, the Thompson Trucking defendants were the only parties that could release their counterclaim against Sooter.  It is significant that Whetstone acquired the counterclaim pursuant to the terms of the settlement.  Consistent with the position taken by the trial court, Whetstone could not have released a cause of action he did not acquire until the settlement was final.  

Construing the release filed in support of Sooter's section 2--619 motion to dismiss in the light most favorable to Sooter, the nonmoving party, there is no issue of fact concerning the causes of action discharged by the terms of the general release.  The trial court's denial of Sooter's section 2--619 motion to dismiss the assigned counterclaim based on the language of the release was appropriate.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.  

HUTCHINSON, P.J., and BOWMAN, J., concur.