(text box: 1) NO. 5-01-0706

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

DAVID L. TRAUBE, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Randolph County.  

)

v. ) No. 97-L-7

)

MARCIA FREUND and CLARENCE E. )

KLOTH, JR., )

)

Defendants, )

and )

)

AMERICAN CYANAMID COMPANY, ) Honorable

) Jerry D. Flynn, 

Defendant-Appellee. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:  

David L. Traube (plaintiff) appeals the dismissal of his suit against American Cyanamid Company (American Cyanamid).  We affirm.

The controversy between plaintiff and the defendants began in April of 1995 with the application of an agricultural pesticide, Counter 15G (Counter), to acreage owned by defendant Marcia Freund and farmed by defendant Clarence E. Kloth, Jr.  The pesticide, manufactured by American Cyanamid, was used to eliminate grubs on a no-till corn crop.  On May 9, runoff from a heavy rainfall contaminated the lake on plaintiff's adjoining property, killing thousands of bluegill fish.  Plaintiff settled with defendants Freund and Kloth and joined defendant American Cyanamid to the suit.  Plaintiff initially alleged that one of American Cyanamid's sales representatives assisted Kloth in calibrating his planter for the application of the pesticide.  Plaintiff further alleged that American Cyanamid participated in the creation of a private nuisance and engaged in an activity which was ultrahazardous, thereby triggering strict liability.  American Cyanamid filed motions to dismiss, alleging that plaintiff's claims were federally preempted and that American Cyanamid's activities were not ultrahazardous.  American Cyanamid pointed out that Counter is registered under the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) (7 U.S.C. §136 
et seq.
 (1994)) and is distributed with nationally uniform product labels and warnings approved by the United States Environmental Protection Agency (EPA).  The label on Counter stated:  "Do not apply directly to water, *** to areas where surface water is present, or to intertidal areas below the mean high water mark.  Runoff and drift from treated areas may be hazardous to aquatic organisms in adjacent aquatic sites."  American Cyanamid further alleged that it was not involved in the application of the pesticide to the Freund farm and did not know where the product was to be applied.  The trial court granted all of American Cyanamid's motions.  The court specifically concluded that plaintiff had not pled and could not prove that American Cyanamid exercised any control over, or had any substantial involvement with, the application of the pesticide to the Freund property.  The court also ruled that the mere manufacture of a pesticide does not give rise to a cause of action for ultrahazardous activity and that FIFRA preempted any remaining allegations of negligence.  Plaintiff argues on appeal that the trial court, in ruling on the motions to dismiss, erred in making a determination of the extent of American Cyanamid's participation and further erred in finding plaintiff's claims to be federally preempted, especially with respect to the issue of ultrahazardous activity.

We initially note that the dismissal of a complaint under either section 2-615 or section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 1994)) is subject to 
de novo
 review (
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 189, 680 N.E.2d 265, 270 (1997)).  A motion to dismiss based on section 2-615 admits all well-pleaded facts and attacks the legal sufficiency of the complaint, while a motion to dismiss under section 2-619 admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the plaintiff's claim.  
La Salle National Bank v. City Suites
, 
Inc.
, 325 Ill. App. 3d 780, 789, 758 N.E.2d 382, 389 (2001).  When ruling on a motion to dismiss, either because the complaint fails to state a cause of action or because the claims are barred by other affirmative matter that avoids the legal effect of or defeats the claim, the trial court is to interpret all the pleadings and supporting documents in the light most favorable to the nonmoving party.  A section 2-615 motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action.  
Neade v. Portes
, 193 Ill. 2d 433, 439, 739 N.E.2d 496, 500 (2000); 
In re Chicago Flood Litigation
, 176 Ill. 2d at 189, 680 N.E.2d at 270; 
Yu v. International Business Machines Corp.
, 314 Ill. App. 3d 892, 896-97, 732 N.E.2d 1173, 1177 (2000).  If a cause of action is dismissed pursuant to a section 2-619 motion, however, the questions on appeal are whether a genuine issue of material fact exists and whether the defendant is entitled to a judgment as a matter of law.  
Doyle v. Holy Cross Hospital
, 186 Ill. 2d 104, 109-10, 708 N.E.2d 1140, 1144 (1999); 
Whetstone v. Sooter
, 325 Ill. App. 3d 225, 229, 757 N.E.2d 965, 969 (2001); 
La Salle National Bank
, 325 Ill. App. 3d at 789, 758 N.E.2d at 389.
  We believe that the trial court correctly dismissed plaintiff's complaint against American Cyanamid, although with respect to the extent of American Cyanamid's involvement in the application of pesticide to the Freund farm or the creation of any nuisance, the proper vehicle should have been through a summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 1994)).  See 
Malanowski v. Jabamoni
, 293 Ill. App. 3d 720, 724, 688 N.E.2d 732, 735 (1997).  The misdesignation, however, is not critical under the circumstances, given that the motions are essentially the same and plaintiff suffered no prejudice by the error.  See 
Malanowski
, 293 Ill. App. 3d at 724, 688 N.E.2d at 735.

Plaintiff alleged in his complaint that American Cyanamid created a nuisance by committing certain negligent acts or by engaging in an ultrahazardous activity.  Turning to the alleged negligent acts first, plaintiff claimed that American Cyanamid provided substantial assistance by calibrating Kloth's pesticide-spreading equipment and by giving advice, while failing to warn Kloth about using Counter near aquatic sites.  American Cyanamid admitted that one of its sales reps calibrated Kloth's equipment pursuant to Counter's label.  There are no allegations in plaintiff's complaint, however, that those calibrations were improper or even were accomplished on the site where the pesticide was to be applied.  There are also no allegations that American Cyanamid was negligent in providing Kloth, at no cost, with lock and load lids for the safe application of the product.  Plaintiff contends that American Cyanamid should have advised Kloth about alternative pesticides and warned him about the use of Counter near aquatic sites.  The complaint, however, contains no allegations that the sales rep had a duty to inform Kloth about other products or that the failure to advise and warn was the proximate cause of plaintiff's injuries.  Any advice given was consistent with the label, and informing Kloth that there were no setback requirements certainly does not establish negligence.  As American Cyanamid pointed out, the sales rep had no idea where the product was to be used.  Additionally, Kloth himself read the label before applying the pesticide, a label which specifically stated that runoff could be hazardous to aquatic organisms in adjacent sites.  In order to sustain a nuisance claim based on negligent conduct, a plaintiff must plead and prove the elements of negligence that gave rise to the alleged nuisance.  See 
Malone v. Ware Oil Co.
, 179 Ill. App. 3d 730, 735, 534 N.E.2d 1003, 1006 (1989).  Absent from the complaint are any allegations that American Cyanamid engaged in any negligent or intentional conduct giving rise to any nuisance.  We further note that the absence of a manufacturer's control over a product at the time the nuisance is created generally is fatal to any nuisance or negligence claim (
City of Bloomington v. Westinghouse Electric Corp.
, 891 F.2d 611, 614 (7th Cir. 1989)).  The failure to plead sufficient facts to state a cause of action supports the dismissal of plaintiff's claim.  More importantly, however, plaintiff presented no genuine issue of material fact with respect to these claims.  The undisputed facts reveal American Cyanamid's limited role in this tragedy, thereby entitling American Cyanamid to a judgment in its favor.

Plaintiff also alleged that the application of Counter in proximity to aquatic sites is an ultrahazardous activity.  A defendant who performs an abnormally dangerous or ultrahazardous activity is subject to liability for harm to the person, land, or chattels of a plaintiff resulting from the activity even though the defendant has exercised the utmost care to prevent the harm.  
In re Chicago Flood Litigation
, 176 Ill. 2d at 208, 680 N.E.2d at 279; 
Cadena v. Chicago Fireworks Manufacturing Co.
, 297 Ill. App. 3d 945, 960-61, 697 N.E.2d 802, 813 (1998).  The terms "ultrahazardous," "abnormally dangerous," or "intrinsically dangerous" refer to that type of danger which is inherent in the instrumentality itself at all times, and they do not include a danger that arises from the mere casual or collateral negligence of others with respect to it under the particular circumstances.  
Fallon v. Indian Trail School
, 148 Ill. App. 3d 931, 935, 500 N.E.2d 101, 103 (1986); see also 
Miller v. Civil Constructors, Inc.
, 272 Ill. App. 3d 263, 270, 651 N.E.2d 239, 244-45 (1995).  The fact that injury can be inflicted by an instrumentality does not make it an inherently dangerous instrumentality.  See 
Vaughn v. Nevill
, 286 Ill. App. 3d 928, 932, 677 N.E.2d 482, 485 (1997).  Consequently, a manufacturer of a product is not considered to be engaged in an abnormally dangerous activity merely because the product becomes dangerous when it is handled or used in some way after it leaves the manufacturer's premises, even if the danger is foreseeable.  
Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.
, 916 F.2d 1174, 1181 (7th Cir. 1990); 
City of Bloomington
, 891 F.2d at 616-17.  Plaintiff simply cannot state a cause of action for ultrahazardous activity against American Cyanamid.  American Cyanamid did not apply Counter to the Freund property, and the mere fact that Counter is a pesticide which may pose certain hazards, as identified on its label, does not render its application, particularly when applied in accordance with its label, an ultrahazardous activity with respect to American Cyanamid.

The final issue on appeal pertains to federal preemption.  In addition to finding plaintiff's claims of nuisance and ultrahazardous activity legally insufficient, the trial court also determined they were preempted by FIFRA.  While we need not address this issue to affirm the trial court's rulings, we agree that plaintiff's claims are preempted under the circumstances presented.  FIFRA is a comprehensive federal statute that regulates the use, sale, and labeling of pesticides and requires the registration with the EPA of all pesticides sold in the United States.  See 
Dickman v. E.I. Du Pont de Nemours & Co.
, 278 Ill. App. 3d 776, 779-80, 663 N.E.2d 507, 509-10 (1996).  The overwhelming authority holds that section 136v(b) of FIFRA (7 U.S.C. §136v(b) (1994)) expressly preempts any state-law claim that directly or indirectly challenges the adequacy of the warnings or other information on a pesticide's approved product label.  See, 
e.g.
, 
Netland v. Hess & Clark, Inc.
, 284 F.3d 895 (8th Cir. 2002); 
Nathan Kimmel, Inc. v. Dowelanco
, 275 F.3d 1199 (9th Cir. 2002); 
Kuiper v. American Cyanamid Co.
, 131 F.3d 656 (7th Cir. 1997); 
Worm v. American Cyanamid Co.
, 5 F.3d 744 (4th Cir. 1993); 
King v. E.I. Du Pont de Nemours & Co.
, 996 F.2d 1346 (1st Cir. 1993); 
Shaw v. Dow Brands, Inc.
, 994 F.2d 364 (7th Cir. 1993); 
Papas v. Upjohn Co.
, 985 F.2d 516 (11th Cir. 1993); see also 
Dillon v. Zeneca Corp.
, 202 Ariz. 167, 42 P.3d 598 (Ariz. App. 2002); 
Etcheverry v. Tri-Ag Service, Inc.
, 22 Cal. 4th 316, 993 P.2d 366, 93 Cal. Rptr. 2d 36 (2000).  FIFRA preemption clearly does not turn upon the name a plaintiff gives to his or her cause of action.  Plaintiff's claims here fall within that category–they represent nothing more than state-law attacks on the adequacy of Counter's labeling.  Therefore, plaintiff's claims are also preempted.  We accordingly find no error in the dismissal of plaintiff's complaint on this alternative or additional ground.

For the aforementioned reasons, we affirm the judgment of the circuit court of Randolph County.

Affirmed.  

WELCH and CHAPMAN, Melissa, JJ., concur.

NO. 5-01-0706

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

DAVID L. TRAUBE, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Randolph County.  

)

v. ) No. 97-L-7

)

MARCIA FREUND and CLARENCE E. )

KLOTH, JR., )

)

Defendants, )

and )

)

AMERICAN CYANAMID COMPANY, ) Honorable

) Jerry D. Flynn, 

Defendant-Appellee. ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: August 14, 2002

___________________________________________________________________________

Justices
: Honorable Philip J. Rarick, J.

Honorable Thomas M. Welch, J.

Honorable Melissa A. Chapman, J.

Concur

___________________________________________________________________________

Attorney
 Gregory H. Wolk, Berg, Borgmann, Wilson & Wolk, LLC, 101 South

for
 Hanley, Suite 1280, St. Louis, MO  63105

Appellant
 

___________________________________________________________________________

Attorneys
 Martha D. Owens, Wildman, Harrold, Allen & Dixon, 225 West Wacker 

for
 Drive, Suite 3000, Chicago, IL  60606; Lawrence S. Ebner, McKenna &

Appellee
 Cuneo, L.L.P., 1900 K Street, N.W., Washington, DC  20006

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/14/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.