**Linda AKEE, et al., Plaintiffs,**

v.

**THE DOW CHEMICAL COMPANY, et al., Defendants.**

**No. CIV. 00–00382BMK.**

United States District Court,
D. Hawai'i.

Dec. 17, 2002.

---

Glenn J. Stanford, Raymond J. Tam, Tam & Stanford, Honolulu, HI, Walter John Lack, Elizabeth L. Crooke, Brian J. Leinbach, Engstrom, Lipscomb & Lack, Los Angeles, CA, Thomas Vincent Girardi, Carrie J. Rognlien, Girardi & Keese, Los Angeles, CA, Edward L. Masry, David E. Weeks, Masry & Vititoe, Westlake Village, CA, for Plaintiffs.

Sidney K. Ayabe, Jeffrey H.K. Sia, Calvin E. Young, Steven L. Goto, Ayabe Chong Nishimoto Sia & Nakamura, Honolulu, HI, Gennaro A. Filice, III, Nicholas D. Kayhan, Esq., Aimee B. Storin, Filice Brown Eassa & McLead LLP, Oakland, CA, for Defendant/Cross–Claimant The Dow Chemical Company.

Dennis Niles, Judy A. Tanaka, Pamela W. Bunn, Paul Johnson Park & Niles, Honolulu, HI, for Defendant Nestle USA, Inc., Successor to Libby, McNeill & Libby.

John T. Komeiji, Patsy H. Kirio, Watanabe Ing & Kawashima, Honolulu, HI, James Teater, Nancy Mackimm, Jones Day Reavis & Pogue, Dallas, TX, for Defendants And Third–Party Plaintiff Dole Food Company, Inc.

John R. Myrdal, Elise Owens Thorn, Tred R. Eyerly, Stanton Clay Chapman Crumpton & Iwamura, Honolulu, HI, Daniel A. Casey, Kirkpatrick & Lockhart LLP, Miami, FL, for Defendants Del Monte Fresh Produce (Hawaii) Inc. and Del Monte Corporation.

Theodore G. Meeker, Assistant U.S. Attorney, Honolulu, HI, James C. Brennan, Adam Bain, U.S. Department of Justice, Washington, D.C., for Third–Party Defendant United States of America.

*ORDER GRANTING MANUFACTURING DEFENDANTS' MOTION TO DISMISS COUNT V OF THE THIRD AMENDED COMPLAINT*

KURREN, United States Magistrate Judge.

Defendants Shell Oil Company, Shell Petroleum, Inc., Shell Chemical Company and Shell Chemicals Ltd. (collectively "the Shell Defendants") move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Pro-

cedure ("FRCP 12(b)(6)") to dismiss Count V of the Plaintiffs' Third Amended Complaint. Defendants Dow Chemical Company ("Dow") and Great Lakes Chemical Corporation ("Great Lakes") join in the Shell Defendants' motion.[1] A hearing on the motion was held on December 10, 2002. After careful consideration of the parties' submissions and arguments, the Court GRANTS the motion to dismiss Count V of the Third Amended Complaint as to the Manufacturing Defendants.

## BACKGROUND

Plaintiffs allege that Dole, Libby McNeill & Libby, Inc. ("Libby"), and the Del Monte Defendants used highly toxic fumigants, poisons, herbicides and other hazardous chemicals (the "subject chemicals") to control worms, insects, parasites, and other undesirable blights on pineapple plantations on the Island of Oahu. *See* Third Am. Compl. ¶¶ 11–12. Plaintiffs further allege that these subject chemicals were, among other things, designed, manufactured and sold by Defendants Dow, Great Lakes and Shell Oil Company, Shell Petroleum, Inc., Shell Chemical Company and Shell Chemicals Ltd. (collectively "the Shell Defendants"). *See* Third Am. Compl. ¶ 13. According to Plaintiffs, the subject chemicals contaminated the air, soil and water on Oahu resulting in personal injuries to Plaintiffs. *See* Third Am. Compl. ¶ 15.

Count V of the Plaintiffs' Third Amended Complaint purports to state a strict or absolute liability claim against the Manufacturing Defendants based on a theory of ultra-hazardous activities. Specifically, Plaintiffs allege that the design, manufacture and/or production of the subject chemicals by the Manufacturing Defendants constitutes an ultra-hazardous activity. Third Am. Compl. ¶ 30.

## DISCUSSION

The Manufacturing Defendants move pursuant to FRCP 12(b)(6) to dismiss Count V of the Third Amended Complaint on the ground that the manufacture of the subject chemicals does not, as a matter of law, constitute an "ultra-hazardous activity." Further, the Manufacturing Defendants' argue, because the manufacturing processes involved are not themselves alleged to have directly caused Plaintiffs' injuries, the doctrine of strict or absolute liability for ultra-hazardous activities is inapplicable. In other words, according to the Manufacturing Defendants, there are no allegations of proximate cause to support this cause of action.

Plaintiffs oppose dismissal of Count V arguing that the Manufacturing Defendants are more than "mere manufacturers" of the subject chemicals. According to Plaintiffs, there is evidence that the Manufacturing Defendants actively participated in the use and/or application of the subject chemicals, and thus, a claim for ultra-hazardous activities may be sustained. Alternatively, Plaintiffs argue, strongly contested questions of fact exist and preclude this Court from ruling on the instant motion at this point in the case.

### A. *Motion to Dismiss Standard*

In ruling on a motion to dismiss pursuant to FRCP 12(b)(6), the Court takes all factual allegations set forth in the complaint as true and views them in the light most favorable to the plaintiff. *See, e.g., Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir.2002); *see also Blowers v. Eli Lilly & Co.*, 100 F.Supp.2d 1265 (D.Hawai'i 2000). A complaint or claim may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any

---

1. Hereinafter, all moving defendants are collectively referred to as either the "Moving Defendants" or the "Manufacturing Defendants."

set of facts in support of the complaint or claim that would entitle him or her to relief. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). The issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the complaint or claim. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997).

## B. *Ultra–Hazardous Activities*

■ The parties agree that the doctrine of strict liability for ultra-hazardous activities is recognized in Hawaii. *See Beckstrom v. Hawaiian Dredging Co.*, 42 Haw. 353 (1958).[2] In fact, Plaintiffs do not take issue with any of the law cited by the Manufacturing Defendants in support of the motion to dismiss. Rather, Plaintiffs' argument turns on allegations in the opposition papers that the Manufacturing Defendants are more than "mere manufacturers" of the subject chemicals in that they actively participated in the use and/or application of their products to pineapple plantations on Oahu.

However, contrary to Plaintiffs' assertions, the Third Amended Complaint is devoid of any "use or application" allegations with respect to the Manufacturing Defendants. Indeed, the complaint makes a clear distinction between the Manufacturing Defendants and other defendants who are alleged to have used the subject chemicals. *See, e.g.*, Third Amended Compl. ¶ 13 (defining Dow, the Shell Defendants and Great Lakes as the "Fumigant Poison Manufacturers"). As a result, the Court finds that for purposes of this motion, the relevant allegedly ultra-hazardous activity is the manufacture, not the use or application, of the subject chemicals by the Manufacturing Defendants.

■ While the doctrine of ultra-hazardous activities imposes strict liability on a defendant engaged in an ultra-hazardous activity, the doctrine requires that the plaintiff establish proximate cause in order to prevail. *See, e.g., City of Bloomington v. Westinghouse Elec. Corp.*, 891 F.2d 611, 616 (7th Cir.1989) (strict liability for an abnormally dangerous activity does not extend to a party whose activity does not cause the claimed injury); *see also Traube v. Freund*, 333 Ill.App.3d 198, 266 Ill.Dec. 650, 775 N.E.2d 212 (2002) (claim for ultra-hazardous activity against a manufacturer of a pesticide who did not apply the pesticide fails because the manufacturing process did not cause the claimed injury); *Parks Hiway Enter., LLC v. CEM Leasing, Inc.*, 995 P.2d 657 (Alaska 2000) (ultra-hazardous activity claim requires proof of causation); *Fisher v. Monsanto Co.*, 863 F.Supp. 285, 289 (W.D.Va.1994) (supplier/manufacturer of chemicals not strictly liable under ultra-hazardous activity doctrine because supplier/manufacturer did not carry on the allegedly ultra-hazardous activity that caused plaintiff's injury); *Richmond, Fredericksburg & Potomac R.R. Co. v. Davis Indus., Inc.*, 787 F.Supp. 572, 575 (E.D.Va.1992) (strict liability for *use* of a product cannot be imposed on the manufacturer). In other words, a plaintiff must prove that the activity alleged to be ultra-hazardous directly caused the plaintiff's injuries. Accordingly, in this case, Count V does not state a claim for relief against the Manufacturing Defendants unless Plaintiffs allege that their claimed injuries were directly caused by the Manufacturing Defendant's

---

**2.** The parties further agree that there are no decisions under Hawaii law addressing or resolving the issue before the court—i.e., whether the manufacture of chemicals is an ultra-hazardous activity. Accordingly, the parties acknowledge that this Court must look to well reasoned decisions from other state and federal courts to resolve the question.

allegedly ultra-hazardous activity—i.e., the manufacture of the subject chemicals.

■ Generally, the manufacture of a product or substance will not be considered, as a matter of law, an ultra-hazardous activity. *See, e.g., Copier v. Smith & Wesson Corp.*, 138 F.3d 833 (10th Cir. 1998) (the use, or misuse of a gun, not the manufacture, is an ultra-hazardous activity); *Casillas v. Auto–Ordnance Corp.*, 1996 WL 276830 (N.D.Cal.1996) (generally, it is the use, not the manufacture of a product that qualifies as an ultra-hazardous activity). Moreover, the fact that a defendant is engaged in the manufacture of an extremely harmful substance or product does not compel the conclusion that the manufacture of that substance or product is itself an ultra-hazardous activity. *See, e.g., Indiana Harbor Belt R.R. v. American Cyanamid Co.*, 916 F.2d 1174, 1181 (7th Cir.1990) (ultra-hazardousness is, in the contemplation of the law, a property not of substances, but of activities); *Splendorio v. Bilray Demolition Co., Inc.*, 682 A.2d 461 (R.I.1996) (absolute liability attaches only to ultra-hazardous or abnormally dangerous activities, not ultra-hazardous or abnormally dangerous materials).

■ Here, although the Third Amended Complaint alleges that the subject chemicals are extremely harmful and dangerous, it is devoid of any allegation that Plaintiffs' claimed injuries flow directly from the act of manufacturing those subject chemicals. Nor can Plaintiffs make such causation allegations. In sum, the absence of any allegation that the Manufacturing Defendants were, at the time of the Plaintiffs' claimed injuries, actually engaged in the injury producing activity, compels as a matter of law, dismissal of Plaintiffs' ultra-hazardous activity cause of action against the Manufacturing Defendants. Accordingly, the motion to dismiss Count V of the Third Amended Complaint as against the Manufacturing Defendants is GRANTED.

IT IS SO ORDERED.